UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| AMY NICOLE BARRETT CHILDRESS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:22-CV-00062-JRG-CRW |
| SANDRA BAILEY,<br>THE CITY OF JOHNSON CITY,<br>THE JOHNSON CITY JAIL,<br>DEB BOTHELLO, and<br>BRIAN RICE, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner proceeding pro se, has filed a civil rights action alleging a violation of 42 U.S.C. § 1983 [Doc. 2], and a motion to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion will be granted, this action will proceed on Plaintiff's claim that Defendant Sandra Bailey violated Plaintiff's Eighth Amendment right to adequate medical care, and all remaining Defendants will be dismissed.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

According to the motion to proceed *in forma pauperis*, Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month

period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Allegations of Complaint**

At all times relevant to this action, Plaintiff was an inmate housed at the Johnson City Jail [Doc. 2]. On December 2, 2021, Plaintiff found drugs at her jobsite and ingested them [*Id.* at 4]. Over the next few days, her lower lip tripled in size [*Id.*]. On December 5, 2021, Plaintiff brought her distended lip to the attention of the officers on duty, and she requested and was given a Benadryl [*Id.*]. She advised the officers, however, that she did not wish to go to the emergency room [*Id.*].

When Plaintiff awoke the morning of December 6, 2021, her lower lip had "basically turned itself inside out" [*Id.*]. In fact, several officers had woken her throughout the night because of their concern for her well-being [*Id.*]. Regardless, Plaintiff still went to work that morning, but after two hours, she was called to take a drug screen, which she failed [*Id.*]. Defendant Sandra Bailey, the "acting superintendent" of the facility at the time, wrote the incident up as a disciplinary incident and attributed Plaintiff's illness to her drug use [*Id.* at 4, 7]. Plaintiff signed the

3

disciplinary report to be placed in disciplinary segregation for a period of thirty days [*Id*. at 4]. She was then informed that she had a telehealth appointment at 2:00 p.m. that day and was placed in an isolation cell [*Id*. at 4-5].

Plaintiff fell asleep and was awakened around 1:15 p.m. by Emergency Medical Services ("EMS") [*Id*. at 5]. Plaintiff maintains that Officer Bailey called EMS and falsely informed them (and others in the facility) that Plaintiff had overdosed [*Id*.]. Eventually, the EMS workers informed Bailey that Plaintiff had not overdosed, and Plaintiff was transported to the hospital [*Id*.]. Major Rice was present during the EMS visit and during Plaintiff's transport out of the facility to go to the hospital [*Id.*].

At the hospital, Plaintiff was diagnosed with cellulitis and admitted due to the severity of her infection [*Id*.]. She was discharged on December 10, 2021, with a prescription for medications, including antibiotics, that she needed to complete [*Id*.]. While the discharge nurse was in Plaintiff's hospital room, she called the jail and spoke with Defendant Bailey, who assured the nurse that it was not necessary to send medication with Plaintiff, and that the facility would fill the prescription [*Id.*]. Plaintiff was discharged from the hospital, returned to the jail, and placed in an isolation cell [*Id*.]. At that time, Defendant Bailey advised Plaintiff that she had taken Plaintiff's container of Vaseline, but that she had emailed medical and would return it if medical approved it [*Id*.].

Plaintiff maintains that at that time, her lips were cracked and covered with scabs, and that her mouth was covered in thrush and ulcers [*Id*.]. She alleges that Defendant Bailey "never emailed medical regarding the Vaseline nor did she contact medical in regards to my antibiotics, mouth[]rinse[,] and other medication prescribed at the time" after Plaintiff was discharged from the hospital [*Id*.]. Plaintiff maintains that Defendant Bailey "felt [Plaintiff] deserved to be in pain"

4

because of her drug use, and that she withheld Plaintiff's medication as a form of punishment [*Id*. at 6].

Plaintiff could not eat between December 10, 2021, and December 13, 2021, because of the condition of her lips and mouth [*Id*.]. Plaintiff never received any medication during that time, though she inquired about her medication multiple times per day [*Id*.]. The officers on duty appeared concerned and emailed or texted Defendant Bailey, and at least two officers "addressed" the issue "in person" [*Id*.]. Nonetheless, Plaintiff was never given a response, and she was never given her medication [*Id*.].

On December 20, 2021, Plaintiff was transported to the doctor for an unrelated issue, and Plaintiff notified the doctor of her recent hospitalization and lack of medication compliance [*Id*.]. Plaintiff maintains that the doctor had no idea what she was talking about, as Defendant Bailey had never "notified them of [her] hospitalization nor inquired about [her] medication" [*Id*.]. Plaintiff was then prescribed antibiotic medication, which she promptly received and completed [*Id*.].

On December 29, 2021, Plaintiff passed out in the shower and fell, breaking her front tooth [*Id*. at 6-7]. Plaintiff was taken to the doctor that morning and administered tests, though no abnormal results were found [*Id*. at 7]. Plaintiff was not taken to the dentist, however, until April 5, 2022 [*Id*.]. Plaintiff contends that Defendant Bailey retired on February 18, 2022, without scheduling Plaintiff's dental appointment [*Id*.]. Plaintiff further alleges that Defendants Major Rice and Deputy Chief Bothello, Defendant Bailey's superiors, failed to hold Defendant Bailey accountable for her actions [*Id*.].

Aggrieved, Plaintiff filed the instant suit seeking "monetary compensation for the hardships/situation [she] endured" and that Defendants be "reprimanded, educated, and held accountable" [*Id*. at 8].

**C.     Analysis**

    **1.     Johnson City Jail**

Plaintiff has named Johnson City Jail as a Defendant in this action. However, the Johnson City Jail is not an entity subject to suit in a § 1983 action, as a jail is not a "person" for purposes of § 1983. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, this Defendant will be dismissed.

    **2.     Johnson City**

Plaintiff may maintain an action against a municipality under § 1983, but it may not do so "on a respondeat superior theory — in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the "moving force" behind the injury alleged.'" *Id*. (citation omitted). That is, a municipality may be liable only if the plaintiff identifies an "illegal policy or custom" that caused a violation of the plaintiff's constitutional rights. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff has not alleged that any policy or custom of Johnson City caused a violation of her rights, and this municipal Defendant will be dismissed.

    **3.     Deb Bothello and Brian Rice**

Plaintiff has named Deb Bothello and Brian Rice as Defendants in this action because they are supervisory officials who purportedly failed to hold Defendant Bailey accountable. Like

municipalities, "[a] supervisor may not be found liable under 42 U.S.C. § 1983 based on a respondeat superior theory." *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 487 (6th Cir. 2020). Instead, a supervisor may be liable only if the supervisor "abdicated his or her job responsibility, and the '*active performance* of the [supervisor's] individual job function' [caused] the constitutional injury." *Id*. (emphasis and alterations in original) (citation omitted). Plaintiff has not asserted any facts from which the Court could infer that either Defendant Bothelllo or Defendant Rice were responsible for an injury to Plaintiff due to abdication or active performance of their respective job duties, and these Defendants will be dismissed.

### 4. Sandra Bailey

Throughout Plaintiff's complaint, she alleges that Defendant Bailey denied Plaintiff her constitutional right to adequate medical treatment. The denial of constitutionally adequate medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An Eighth Amendment claim for the denial of adequate medical treatment is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

A prisoner cannot state a claim of deliberate indifference by suggesting that he was misdiagnosed or not treated in a manner he desired. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (finding provider possibly negligent but not deliberately indifferent when unaware of prisoner's serious heart condition); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "misdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). As the Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (internal quotation marks omitted).

Here, Plaintiff has alleged that Defendant Bailey did not believe that Plaintiff was really sick, that she failed to have her prescriptions filled, and that she failed to make Plaintiff a dentist appointment for Plaintiff's broken tooth before she retired. However, Plaintiff alleges that she initially refused emergency medical treatment, and that she was ultimately hospitalized on the same day that she received a positive drug test. Therefore, Defendant Bailey's purported disbelief in Plaintiff's illness did not result in any injury to Plaintiff or delay her medical care.

As to Plaintiff's broken tooth, Plaintiff has stated that she promptly received medical treatment for the injury, and that Defendant Bailey retired two months before Plaintiff eventually received dental care. Plaintiff maintains that Defendant Bailey was responsible for scheduling her dental appointment, but she has not alleged any facts from which the Court could infer that Defendant Bailey knew that the injury posed a substantial risk to Plaintiff and nonetheless ignored it. It is equally plausible that the dental appointment was promptly requested but nonetheless

8

scheduled by the dentist for the date treatment was received. Nonetheless, Plaintiff has not alleged that the delay caused her any injury, and the Court finds this allegation likewise insufficient to state a claim against Defendant Bailey.

Finally, the Court considers Plaintiff's allegation that she did not receive her prescribed medications between December 10, 2021, and approximately December 22, 2021, due to Defendant Bailey's deliberate failure to request the medications. Plaintiff maintains that her discharge nurse was specifically told by Defendant Bailey that Plaintiff's medications should not be sent with her, and that the jail would fill the prescriptions. Plaintiff alleges that those medications were not provided to her, that Defendant Bailey was repeatedly advised of this fact and disregarded it, and that Plaintiff suffered severe pain as a result. Therefore, the Court finds that Plaintiff has plausibly alleged that Defendant Bailey violated Plaintiff's Eighth Amendment right to adequate medical care between December 10, 2021, and December 22, 2021, and the Court will allow this discrete claim to proceed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Court finds that Plaintiff has stated a plausible denial-of-medical-care claim against Defendant Sandra Bailey;

6. The Clerk is **DIRECTED** to send a Plaintiff service packet (a blank summons and USM 285 form) for Defendant Bailey;

7. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

8. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

9. Plaintiff is **NOTIFIED** that if she fails to timely return the completed service packet, this action will be dismissed;

10. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

11. As no claims have survived against them, all remaining Defendants are hereby **DISMISSED**; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE